**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

**ERIKA LINDSTROM and DANIEL LINDSTROM**

Plaintiff,

v.

**CLEAR CREEK LIMOUSINE, LLC, a Colorado Limited Liability Company; and JON CHRISTOPHER OLSEN,**

Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiffs Erika and Daniel Lindstrom, through counsel, submit the following Complaint and Jury Demand:

### I. PARTIES

1. At all times material hereto, Plaintiffs Erika and Daniel Lindstrom are and have been residents of the State of Wisconsin.

2. At all times material hereto, Plaintiffs Erika and Daniel Lindstrom have been married.

3. At all times material hereto, Defendant Clear Creek Limousine, LLC (hereinafter "Clear Creek Limo") was and is a Colorado limited liability company licensed to do business under the laws of the State of Colorado.

4. At all times material hereto, Defendant Jon Christopher Olsen (hereinafter "Olsen") is and has been a resident of Jefferson County, Colorado.

5.  The negligent acts or omissions of the Defendants, alleged herein, occurred in Gilpin County, Colorado.

6.  Plaintiffs bring their Complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

## II.  FACTUAL ALLEGATIONS

7.  On or about May 11, 2016, at approximately 5:30 p.m., Plaintiff Erika Lindstrom was a pedestrian on Main Street in Black Hawk, Colorado.

8.  At that time and place, Plaintiff began to cross Gregory Street in the crosswalk.

9.  At that time and place, Defendant Olsen was operating a motor vehicle on Main Street in Black Hawk, Colorado.

10.  At that time and place, Defendant Olsen turned left from Main Street toward Gregory Street and struck Plaintiff as she was walking in the crosswalk.

11.  Upon information and belief, Defendant Olsen was in the course and scope of employment and/or agency with Defendant Clear Creek Limo at the time of the collision.

## FIRST CLAIM FOR RELIEF
### (Negligence and Negligence Per Se – Defendant Olsen)

12.  Plaintiffs incorporate all paragraphs above by reference.

13.  At the time and place alleged herein, Defendant Olsen operated the motor vehicle negligently, carelessly, and in disregard for the traffic regulations in effect, the traffic conditions encountered, and the rights and safety of the public at large, particularly the Plaintiff.

14.  The conduct of this Defendant was a proximate cause of the injuries, damages, and losses sustained by Plaintiffs, as set forth herein.

15. The above collision was caused by the negligence of this Defendant, including but not limited to Careless Driving (C.R.S. § 42-4-1402) and such other acts or failures to act which may be discovered at or before trial, which wrongful conduct also violated the ordinances of City of Black Hawk, County of Gilpin, and/or statutes of the State of Colorado.

16. The aforementioned statutes, ordinances and codes were enacted to protect persons such as Plaintiff from harm and injury of the type inflicted on her. As such, this Defendant's conduct in violating these statutes constitutes negligence *per se*.

## SECOND CLAIM FOR RELIEF
(Negligence – Defendant Clear Creek Limo)

17. Plaintiffs incorporate all paragraphs above by reference.

18. Defendant Olsen, as Clear Creek's employee and/or agent, negligently and carelessly operated the motor vehicle involved in the collision alleged herein.

19. Defendant Clear Creek is vicariously liable for Defendant Olsen's wrongful conduct.

20. The conduct of Defendant Clear Creek Limo was a proximate cause of the injuries, damages, and losses sustained by Plaintiffs, as set forth herein.

## DAMAGES

21. As a proximate result of the conduct of the Defendants, Plaintiff Erika Lindstrom sustained injuries including, without limitation, to her pelvis, left leg, and left shoulder.

22. The conduct of Defendants, and each of them, also caused Plaintiff Erika Lindstrom to sustain permanent injuries; endure pain and suffering; impair her enjoyment of life; sustain expenses for the services of health-care providers and medical supplies; lose time; sustain

a physical impairment; and incur other losses, all past and future, all to her detriment as a result of the conduct of the Defendants.

23. As a direct and proximate result of her injuries, Plaintiff Erika Lindstrom was prevented from engaging in certain economic, social, and recreational activities normal to her lifestyle prior to this incident.

24. Plaintiff Erika Lindstrom's date of birth is September 15, 1954. She was 61-years old at the time of the collision. She had a minimum life expectancy, pursuant to the United States Life Tables, of 23.9 years, and is entitled to compensation for her injuries, damages and losses for the remainder of her life.

25. As a direct and proximate result of the Defendants' conduct, Plaintiff Daniel Lindstrom lost the consortium of his wife, Erika Lindstrom, including her companionship, affection, household services, aid and comfort and other non-economic and economic damages.

WHEREFORE, Plaintiffs requests that judgment be entered in favor of Plaintiffs and against the Defendants, and each of them, in an amount to fairly and reasonably compensate her for her injuries as set forth above; for court costs; for expert witness fees; for statutory interest from the date this cause of action accrued or as otherwise permitted under Colorado law; and for such other and further relief as this Court deems just and proper.

Respectfully submitted this 29th day of March 2018.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**JEFFRESS LAW, PC**

By: *Signature of Christopher W. Jeffress is on file at the offices of Jeffress Law, PC*

*s/ Christopher W. Jeffress*
Christopher W. Jeffress
1790 38th Street, Suite 300
Boulder, CO 80301
Telephone: (303) 993-8685
Email: chris@jeffresslaw.com

<u>Plaintiff's Address</u>:
S38 W27970 Merriwood Court
Waukesha, WI 53189